IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TEMPUS LABS, INC. | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 23-cv-2947 |
| SANDEEP PAWAR, an individual, | ) ) ) |
| Defendant. | ) ) |

**PLAINTIFF TEMPUS LABS, INC.'S
EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER**

Plaintiff Tempus Labs, Inc. ("Tempus") files this Emergency Motion for Temporary Restraining Order against Defendant Sandeep Pawar ("Pawar") to immediately enjoin Pawar from misappropriating Tempus' trade secret information in violation of the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836, *et seq.*, and the Illinois Trade Secrets Act ("ITSA"), 765 ILCS 1065/1, *et seq.* In support thereof, Tempus respectfully states as follows:

1. Contemporaneously with this Motion, Tempus filed a Verified Complaint alleging, *inter alia*, Pawar immediately threatens to misappropriate Tempus' confidential information and trade secrets. Just one day prior to Pawar tendering his resignation to Tempus, he accessed and printed a trove of documents containing Tempus' confidential and proprietary information and trade secrets. Notably, Pawar resigned his position at Tempus to join Tempus' direct competitor, Caris Life Sciences ("Caris"), as its Vice President, Data Strategy and Solutions, a position nearly identical to the positions he held at Tempus. By virtue of the nature of his new position with Caris and Caris' direct competition with Tempus, Pawar threatens to misappropriate Tempus' trade secrets and confidential and proprietary information.

2. To enjoin Pawar's inevitable illegal activities, the issuance of a Temporary Restraining Order ("TRO") is proper pursuant to the DTSA and the ITSA, each of which provides for the injunction of actual or threatened misappropriation. 18 U.S.C. § 1836(b)(3); 765 ILCS 1065/3.

3. To obtain a TRO, Tempus must establish: (1) its case has some likelihood of success on the merits; (2) that no adequate remedy at law exists; and (3) it will suffer irreparable harm if the injunction is not granted. *Long v. Bd. of Educ.*, 167 F. Supp. 2d 988, 990 (N.D. Ill. 2001). If the court is satisfied these requirements have been met, it must then consider the irreparable harm that the nonmoving party will suffer if preliminary relief is granted, balancing such harm against the irreparable harm the moving party will suffer if relief is denied. *Id.* Finally, the court must also consider how the public interest would be affected by granting or denying the preliminary relief. *Id.* Here, Tempus is entitled to a TRO because it satisfies all factors.

4. First, the Verified Complaint demonstrates a strong likelihood Tempus will succeed on the merits of its claims for misappropriation of trade secrets under the DTSA and the ITSA. *See, e.g.*, *Groupon, Inc. v. Shin*, 2022 WL 60526, at *3 (N.D. Ill. Jan. 6, 2022); *Medcor, Inc. v. Garcia*, 2022 U.S. Dist. LEXIS 6761, at *3 (N.D. Ill. Jan. 13, 2022).

5. Second, Tempus will suffer irreparable harm in the absence of a TRO, and it has no adequate remedy at law. Pawar's employment with Caris, his theft of company data on the eve of his resignation and last day of Tempus employment, his duplicity in crafting his resignation, and the likelihood he will imminently use and disclose Tempus' trade secrets, all will cause ongoing harm for which monetary damages will not suffice. *See, e.g.*, *E*TRADE Fin. Corp. v. Pospisil*, 2018 WL 4205401, at *5 (N.D. Ill. Sept. 4, 2018) (finding no adequate remedy at law for employee who used misappropriated trade secret information to compete with former employer because "ongoing competition itself" constitutes "a sufficient basis for relief"); *HCA Franchise Corp. v.*

*Alisch*, 2016 WL 10706285, at *7 (N.D. Ind. Aug. 12, 2016) (former employer had no adequate remedy at law for former employee's misappropriation of trade secrets because "monetary damages are insufficient to compensate for trade secret misappropriation"). The full extent of Tempus' injuries resulting from Pawar unlawfully using, divulging, and referencing Tempus' critical trade secrets is not easily ascertainable. It is impossible to foresee exactly the extent of the damages, monetary and otherwise, Tempus will suffer as a result of Pawar's inevitable misconduct. Only injunctive relief can adequately protect Tempus. *See, e.g.*, *Mickey's Linen v. Fischer*, 2017 WL 3970593, at *18 (N.D. Ill. Sept. 8, 2017) (holding loss of competitive position justifies preliminary injunctive relief); *Groupon, Inc.*, 2022 WL 60526, at *6 (where employee had access to trade secret information that would put employer "at a serious competitive disadvantage," irreparable harm is likely).

6. The balance of hardships also weighs in favor of issuance of a TRO because the harm to Tempus in the absence of injunctive relief greatly outweighs the potential harm to Pawar. *See, e.g.*, *Brunswick Corp. v. Jones*, 784 F.2d 271, 275 (7th Cir. 1986) (balance of irreparable harms weighed "heavily" in employer's favor where former employee possessed confidential information directly relevant to new position with competitor); *Mickey's Linen*, 2017 WL 3970593, at *19 (finding, in inevitable disclosure case, that balance of harms favored plaintiff who "stands to suffer considerable non-compensable and/or uncollectable losses if an injunction were denied").

7. Finally, the issuance of a TRO would not harm the public interest. Here, the public interest is served by preventing misappropriation of Tempus' trade secrets. *See Lucini Italia Co. v. Grappolini*, 2003 WL 1989605, at *18 (N.D. Ill. April 28, 2003) (public interest was served by issuance of an injunction protecting plaintiff from future misuse of its trade secret information).

8. Tempus respectfully requests expedited oral argument on this Emergency Motion for

Temporary Restraining Order at the earliest possible time it can be heard. This matter presents a need for immediate relief as Pawar's employment with Caris, Tempus' direct competitor, began on May 1, 2023.

9. Tempus is contemporaneously filing a Memorandum of Law in support of this Motion, which is expressly incorporated herein by reference.

WHEREFORE, Tempus Labs, Inc. respectfully requests the Court grant its Emergency Motion for Temporary Restraining Order and issue an Order enjoining Pawar as follows:

(a) Entry of a Preliminary Injunction, and, upon final disposition, entry of a Permanent Injunction against Pawar enjoining him from disclosing or using Tempus' confidential, proprietary and trade secret information, and any other applicable relief as set forth in Plaintiff's Motion for a Temporary Restraining Order and Memorandum in Support;

(b) Entry of a Preliminary Injunction, and, upon final disposition, entry of a Permanent Injunction against Pawar enjoining him from working for Caris in a role similar to that in which he served Tempus;

(c) For actual, compensatory, and exemplary damages to be determined at trial; and

(d) Such other and further relief the court deems just.

Dated: May 10, 2023                               Respectfully submitted,

*/s/ Kevin M. Cloutier*
Kevin M. Cloutier (6273805)
Mikela T. Sutrina (6311408)
David M. Poell (6302765)
**SHEPPARD MULLIN RICHTER & HAMPTON LLP**
321 North Clark Street, 32nd Floor
Chicago, IL 60654
Tel: (312) 499-6300
Fax: (312) 499-6301
kcloutier@sheppardmullin.com
msutrina@sheppardmullin.com

dpoell@sheppardmullin.com

*Attorneys for Tempus Labs, Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 10, 2023, I sent copies to the foregoing document via e-mail and U.S. mail, postage prepaid to the following:

William M. Gantz
Duane Morris LLP
190 South LaSalle Street, Suite 3700
Chicago, IL 60603-3433
BGantz@duanemorris.com
*Attorney for Defendant*

      /s/*Mikela T. Sutrina*
      One of the Attorneys for Plaintiff